IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADRIN SMACK, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. A. No. 19-691-LPS |
| : | |
| THERESA DELBALSO, Superintendent, : | |
| SCI Mahanoy, and ATTORNEY GENERAL : | |
| OF THE STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

## MEMORANDUM

### I.  BACKGROUND

Petitioner has filed a Petition for Writ of Habeas Corpus asserting the following two Claims: (1) the Superior Court violated Petitioner's due process rights during his sentencing hearing by considering unproven aggravated sentencing facts under an erroneous minimal indicia of reliability evidentiary standard; and (2) the Superior Court erred in concluding that Petitioner was not entitled to an evidentiary hearing to challenge the State's presentation of contested aggravating factors during Petitioner's sentencing hearing. (D.I. 1) The Delaware Office of Defense Services and the ACLU filed letters indicating their desire to file amicus curie briefs in support of Petitioner. (D.I. 5; D.I. 6) The Court ordered the State to respond to the Petition. (D.I. 10) Thereafter, the Parties filed a Joint Proposed Briefing Schedule setting forth the following schedule: (1) State Court Records shall be filed by July 31, 2019; (2) Petitioner's Amended Petition shall be filed by September 16, 2019; (3) Amicus Briefs shall be filed by September 30, 2019; (4) the State's Answer shall be filed by December 16, 2019; and (5) Petitioner's Reply shall be filed by January 15, 2020. (D.I. 11) The Court adopted the proposed schedule on June 20, 2019. (D.I. 12)

The State filed the state court records on July 30, 2019. (D.I. 13; D.I. 15) However, on September 3, 2019, the Parties filed a Joint Stipulation to Suspend the June 20, 2019 Briefing Schedule ("September Joint Stipulation to Suspend Original Briefing Schedule") due to a dispute over the contents of the state court record. (D.I. 16) Basically, after reviewing the state court record filed on July 30, 2019, Petitioner believed certain documents had been omitted that should have been included (e.g., indictment, plea agreement, Presentence Report). (D.I. 16 at 1) While the Parties agreed that the state court record should include the indictment and plea agreement, the State disagreed that the Presentence Report should be included, if it was sealed. (D.I. 16 at 1; D.I. 19 at 2) In the September Joint Stipulation to Suspend Original Briefing Schedule, Petitioner asserted that he planned to file a Motion to Compel the inclusion of the Presentence Report into the record. (D.I. 16 at 1) The Court granted the Parties' request to suspend the June 2019 briefing schedule, and Petitioner filed a Motion to Compel the inclusion of the Presentence Report. (D.I. 17; D.I. 18) The State filed an Answering Brief in Opposition to Petitioner's Motion to Compel, to which Petitioner filed a Response. (D.I. 19; D.I. 20) Thereafter, Petitioner filed a "Motion to Substitute [the] October 23, 2019 State Court Record for the July 30, 2019 State Court Record filed by the State." (D.I. 21)

## II. MOTION TO COMPEL

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Vasquez v. Glover*, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006).

Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide guidance for discovery issues in habeas proceedings. Pursuant to Rule 6(a), a federal habeas judge may authorize a party to conduct discovery under the Federal Rules of Criminal or

Civil Procedure only if the judge determines there is "good cause" for such discovery. *See* Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) states that a "party requesting discovery must provide reasons for the request . . . and must specify any requested documents." Rule 6(b), 28 U.S.C. foll. § 2254. "The burden rests upon the [movant] to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011); *see also Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim"). In turn, Rule 7 states that a federal habeas judge may "direct the parties to expand the record by submitting additional materials relating to the petition." *See* Rule 7(a), 28 U.S.C. foll. § 2254

In his Motion to Compel, Petitioner asks the Court to order the State to file the following documents as part of the state court record: (1) the Presentence Report and all accompanying exhibits; and (2) the Sentencing Memorandum. (D.I. 18) He contends that the Supremacy Clause authorizes the Court to compel the production of these documents. (D.I. 18 at 3)

The State opposes Petitioner's Motion to Compel on three grounds. First, the State contends that the Presentence Report is "neither necessary nor relevant to this proceeding" and "was not part of the state record the state courts relied on to exhaust the claims Petitioner presents here." (D.I. 19 at 3-4) Second, the State contends that the Presentence Report "is confidential under both Federal Rule 32 and Delaware Superior Court Criminal Rule 32 and Petitioner has failed to make a substantial, and specific, showing of need for disclosure of the [P]resentence [R]eport." (D.I. 19 at 4) Third, the State contends that it is not in possession of the Presentence Report and Petitioner must serve the Motion to Compel upon the Delaware Superior Court. (D.I. 19 at 4)

Petitioner asserts the following rebuttals to the State's arguments. First, he contends that the Presentence Report and accompanying exhibits were part of the state court record that was in existence when the Delaware Supreme Court adjudicated Petitioner's direct appeal. (D.I. 20 at 2-4)

Petitioner asserts that both Parties and the sentencing judge were in possession of the Presentence Report at the time of the sentencing hearing, and that the Parties were permitted to view the exhibits accompanying the Presentence Report and Sentencing Memorandum by making an appointment with the Office of Investigative Services. (D.I. 20 at 3) Referring to the Delaware Supreme Court's docket for his appeal that he attached as an exhibit to his Response, Petitioner also notes that the Delaware Supreme Court requested Petitioner's state court file and the Prothonotary forwarded his file to that court. (D.I. 20 at 3 n. 6; D.I. 20-1 at 4)

In his second rebuttal argument, Petitioner contends that the "need for the Presentence Report and exhibits is inherent in [his] § 2254 proceedings" because a "small factual issue in this case will be whether a letter to the Superior Court in relation to how [Petitioner] should be sentenced was an ex parte letter not shared with [Petitioner]." (D.I. 20 at 4, 5 n. 4) According to Petitioner, "having the documents [that were] attached to the Presentence Report will enable this Court to determine whether there were third party ex parte letters to the Superior Court in relation to how the Superior Court should sentence [Petitioner] which were not provided to [Petitioner] prior to or during his sentencing hearing." (D.I. 20 at 5) Petitioner also suggests that the Presentence Report and accompanying exhibits can be included as part of the state court record as a sealed document, and that the Sentencing Recommendation can be provided directly to Chambers under seal. (D.I. 20 at 9)

Finally, in his third rebuttal argument, Petitioner contends that he is seeking "an order compelling the Office of Investigative Services, not the Delaware Superior Court, to produce the Presentence Report." (D.I. 20 at 7-8)

The Court does not address the first and third issues because, even if the Presentence Report, accompanying exhibits, and Sentencing Memorandum are technically considered to be part of the general state court record obtainable by the State, Petitioner's argument for requiring the State

to include those documents as part of the record is unavailing. Whether treated as a Motion for Discovery under Rule 6, a Motion to Expand the Record under Rule 7, or some hybrid of both, the Court's consideration of the instant Motion is dictated by the following principles: (1) the Court has discretion to grant or deny the request; (2) the Court may "expand the record in order to assist it in deciding an issue other than the merits of the petition" (Rule 7, 2004 Amendments); and (3) the party making the discovery request must provide a reason and specify the requested documents (Rule 6). *See* Rules 6 and 7, 28 U.S.C. foll. § 2254.

As previously explained in the Background section, the instant Petition asserts two Claims for relief: (1) the Superior Court violated Petitioner's due process rights during his sentencing hearing by considering unproven aggravated sentencing facts under an erroneous minimal indicia of reliability evidentiary standard ; and (2) the Superior Court erred in concluding that Petitioner was not entitled to an evidentiary hearing to challenge the State's presentation of contested aggravating factors during Petitioner's sentencing hearing. (D.I. 1) The Petition identifies the disputed sentencing facts as being "any indicted conduct beyond the counts of conviction," specifically, three counts of Possession of a Firearm by a Person Prohibited, three counts of drug dealing, and one count of possession of marijuana. (D.I. 1 at 12) Significantly, none of Petitioner's submissions during the pre-sentencing and sentencing phase alleged that the Presentence Report set forth disputed facts. (D.I. 2 at 45, 121) In fact, during the oral argument that occurred prior to the sentencing hearing, Petitioner indicated he was disputing the facts relating to what was recovered from his co-defendant Price's home. (D.I. 2 at 125, 128) After oral argument, the State filed a letter with the Superior Court asserting that it did not intend to ask that court to consider the drugs found at Price's home. (D.I. 3 at 16) The Superior Court subsequently entered a letter order concluding that the "standard which applies to information presented at sentencing" is the "minimum-indicia-of-reliability" standard, and that the Presentence Investigation, indictment, and affidavit in support

of an application to obtain a warrant to intercept wire communications "bear the requisite indicia of reliability and may be relied upon by the State at sentencing." (D.I. 2 at 131)

During the sentencing hearing, Petitioner did not argue that the Presentence Report contained unreliable disputed facts; rather, he argued that "[i]ndicted counts . . . don't necessarily indicate what level of criminal activity individuals have." (D.I. 2 at 142) The Superior Court reiterated its conclusion that "there [was] a sufficient indicia of reliability to an indictment for [the court] to, at least, consider the indicted counts." (D.I. 2 at 142) In his direct appeal, Petitioner did not contend that the Presentence Report contained unreliable disputed facts. Instead, Petitioner argued that the Superior Court improperly relied upon aggravating factors outside the counts of conviction, and pointed to the following excerpt from the sentencing transcript to support this argument:

> I think of all of the victims of his crime. And not only the people who purchased the drugs which he sells, but also their loved ones and families.
>
> I think of all of the lives that he has destroyed.
>
> I think about the fact that he has willingly destroyed them because it provides him with money.
>
> And I believe that, in addition to the value of punishment, there is also here a need to try to defer others from doing this. And, also, frankly, I need to remove individuals from society who are going to prey upon those who are weak and addicted to drugs.

(D.I. 3 at 34-35) Finally, the Superior Court did not reference the Presentence Report when announcing Petitioner's sentence.

Significantly, in this proceeding, neither of Petitioner's two Claims allege that the Presentence Report contained any disputed facts that were at issue during the sentencing hearing. In fact, the only reference to the Presentence Report Petitioner makes in this proceeding is a footnote in his Response to the State's Answer in Opposition to the Motion to Compel, which asserts that a

"small factual issue in this case will be whether a letter to the Superior Court in relation to how [Petitioner] should be sentenced was an ex parte letter not shared with [Petitioner]." (D.I. 20 at 5 n.4) Petitioner contends that "having the documents attached to the Presentence Report will enable this Court to determine whether there were third party ex parte letters to the Superior Court in relation to how the Superior Court should sentence [Petitioner] which were not provided to [Petitioner] prior to or during his sentencing hearing." (D.I. 20 at 5)

At this juncture, the Court is not persuaded that Petitioner's off-hand footnote reference to a possible ex parte factual issue that has not been raised in this proceeding to date warrants expanding the record to include the Presentence Report and related documents, especially when the Superior Court did not reference the Presentence Report during the sentencing hearing. In reaching this decision, the Court notes that the Parties' original joint proposed briefing schedule (D.I. 11) permits Petitioner to file an Amended Habeas Petition after the State files the state court record but before the State files its Answer, which may be viewed as the State's implicit acknowledgement that the Amended Petition may cover issues broader than those included in the original Petition. If Petitioner's Amended Petition and/or Response to the State's Answer presents a ground for relief necessitating a review of the Presentence Report, the Court will consider whether to expand the record to include such materials. However, at this time, Petitioner's request to expand the record with the Presentence Report and related documents is a speculative discovery request that the Court should not allow. *See Williams v. Beard*, 637 F.3d 195, 210-11 (3d Cir. 2011). Therefore, since the requested documents do not, at this juncture, relate to the issues presented in the Petition, the Court concludes that there is no "good cause" to expand the record to include the Presentence Report with accompanying exhibits and the Sentencing Recommendation.

## III. MOTION TO SUBSTITUTE STATE COURT RECORD

Also pending before the Court is Petitioner's Motion to Substitute the State Court Record, in which he asserts that the state court record filed on July 30, 2019

> omitted several documents, including the indictment, the plea agreement, and the Delaware Supreme Court docket, as well as the complete presentence report which is currently being litigated before this Court. Additionally, this State Court Record included several documents that were not part of the State Court Record; specifically, it included the certiorari filings and the un-stamped May 13, 2016 letter from former Chief of Police for the New Castle County Police Department, Colonel E.M. Setting, to Superior Court Judge John Parkins. Furthermore, the State Court Record also "did not include a table of contents nor any reference page numbers to allow the parties and the Court to specifically cite to the State Court record when needed.
>
> Thus, [Petitioner] has created a new State Court Record which omits documents that were not part of the State Court Record, includes the documents that should have been included, and includes both a table of contents and reference pagination for the convenience of this Court and the Parties. Therefore, [Petitioner] requests that this new State Court Record serve as a substitute for the July 30, 2019.

(D.I. 21 at 4) According to the Parties' Joint Scheduling Stipulation to suspend the June 20, 2019 briefing schedule, the Parties "agree that the indictment and plea agreement should have been included in the state court record." (D.I. 16 at 1) While the Stipulation asserts that the State opposes the inclusion of the Presentence Report as a separate sealed filing, the Stipulation does not mention the State's position on whether the state court record should include the certiorari filings and the un-stamped May 13, 2016 letter from former Chief of Police for the New Castle County Police Department, Colonel E.M. Setting, to Superior Court Judge John Parkins.

Based on the assertions in the Joint Stipulation filed in September 2019, the Court will grant Petitioner's Motion to Substitute the Record to the extent he requests to include the indictment and the plea agreement. However, given Petitioner's failure to mention the State's position with respect to the certiorari filings and the May 13, 2016 letter, the Court will deny Petitioner's request to

exclude the certiorari filings and the un-stamped May 13, 2016 letter from former Chief of Police for the New Castle County Police Department, Colonel E.M. Setting, to Superior Court Judge John Parkins. Instead, the Court will direct the Parties to confer and determine whether these items should be included in the record, removed from the record, or placed under seal. The Court will enter an Order setting a timeline for the filing of the "new" jointly acceptable state court record as well as a new briefing schedule.

December 23, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE